[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10551
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cr-00055-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER RINKEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 30, 2020)

Before MARTIN, ROSENBAUM, and LUCK, Circuit Judges.

PER CURIAM:

Walter Rinkel pleaded guilty to possession of child pornography. The district court sentenced him to 120 months in prison followed by twenty years of supervised release. On appeal, Rinkel challenges the district court's conclusion that his prior Florida conviction for lewd and lascivious molestation qualified as a "prior conviction" for aggravated sexual abuse, sexual abuse, or abusive sexual conduct with a minor under 18 U.S.C. section 2252A(b)(2), triggering a ten-year mandatory minimum sentence. We affirm because any error in applying section 2252A(b)(2)'s mandatory minimum was harmless.

In June 2017, a fish and wildlife officer patrolling the Apalachicola National Forest saw Rinkel viewing child pornography on his laptop while he was sitting inside a van. The fish and wildlife officer called the county sheriff, who approached Rinkel and seized his laptop. Rinkel was not arrested and he left the park. Later, the laptop was analyzed and it was confirmed that it contained child pornography. A warrant was issued for Rinkel's arrest, and four months later, the United States Marshals Service found him in Arizona.

A federal grand jury charged Rinkel with possession of child pornography, in violation of 18 U.S.C. section 2252A(a)(5)(B) and (b)(2), and failure to register and update his registration under the Sexual Offender Registration and Notification Act, in violation of 18 U.S.C. section 2250(a). Rinkel pleaded guilty to the possession of

2

child pornography charge in exchange for the government moving to dismiss the failure to register charge.

The presentence investigation report calculated Rinkel's advisory guideline range as 168 to 210 months' imprisonment. The probation officer also applied the ten-year mandatory minimum sentence for possession of child pornography because Rinkel's prior Florida conviction for lewd and lascivious molestation qualified as a "prior conviction" relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct with a minor under section 2252A(b)(2).[1] Rinkel objected to the ten-year mandatory minimum because, he argued, his Florida lewd and lascivious molestation conviction was not a qualifying "prior conviction" under section 2252A(b)(2).

At the sentencing hearing, the district court overruled Rinkel's objection and applied section 2252A(b)(2)'s ten-year mandatory minimum, although it did not change the advisory guideline range or the twenty-year statutory maximum. See 18

---

[1] Section 2252A(b)(2) says that:

Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, such person shall be fined under this title and imprisoned for not more than 20 years, or if such person has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, . . . such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

18 U.S.C. § 2252A(b)(2).

U.S.C. § 2252A(b)(2).  Rinkel argued for a downward variance because of his age, "some medical conditions," and the fact that he went into the forest "trying to detach himself from the rest of society."  The district court granted Rinkel's request for a downward variance and sentenced him to 120 months in prison, explaining that it considered the fact that Rinkel "absconded" to Arizona after he was caught with the child pornography to be an "aggravator," while Rinkel's "age and physical condition" were mitigating factors.  The district court added that the sentence "statutorily satisfies the mandatory minimum, but I have gone below the 168 months in light of [Rinkel's] age and physical condition."  The district court then said:

> Let me make plain. . . . Given the aggravators in this case, given [Rinkel's] prior period of incarceration, even if it was not a mandatory minimum, I would have found that a 10 year sentence was appropriate. And I would not have imposed a lower sentence in light of the guidelines, even if there had not been a mandatory minimum.

Rinkel appeals his below-guidelines sentence.

Rinkel argues on appeal that the district court erred when it concluded that his lewd and lascivious molestation conviction qualified as a "prior conviction" under section 2252A(b)(2), triggering the ten-year mandatory minimum.  The government responds that, while it believes the district court correctly found Rinkel's prior conviction to be a qualifying offense under section 2252A(b)(2) and it properly applied the ten-year mandatory minimum, we don't need to reach the issue because the district court said that it would have imposed the same sentence regardless of

4

whether the mandatory minimum applied.  We agree with the government that we don't have to reach the issue of whether Rinkel's lewd and lascivious molestation conviction is a qualifying "prior conviction" under section 2252A(b)(2) because any error in applying the ten-year mandatory minimum was harmless.

"[U]nder our precedent in the form of United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006), we need not review an issue when (1) the district court states it would have imposed the same sentence, even absent an alleged error, and (2) the sentence is substantively reasonable."  United States v. Goldman, 953 F.3d 1213, 1221 (11th Cir. 2020).  "Our rationale for this policy is to avoid 'pointless reversals and unnecessary do-overs of sentence proceedings.'"  United States v. McLellan, 958 F.3d 1110, 1116 (11th Cir. 2020) (quoting Keene, 470 F.3d at 1349).  To determine whether a sentence is reasonable under Keene, we assume there was a sentencing error and then ask whether the sentence imposed, once scrubbed of the error, was substantively reasonable under section 3553(a).  See Keene, 470 F.3d. at 1349.

While we normally use Keene's two-step harmless error test for advisory guideline cases, we have also applied Keene to cases where the district court concluded that a defendant's prior conviction triggered a mandatory minimum sentence.  See McLellan, 958 F.3d at 1116–17.  In McLellan, for example, the district court found that the defendant's two prior Alabama convictions for first-

degree burglary were "violent" felonies under the Armed Career Criminal Act and applied the Act's fifteen-year mandatory minimum to sentence the defendant to 180 months' imprisonment. Id. The defendant appealed, arguing that the mandatory minimum did not apply because his two Alabama convictions were not violent felonies under the Act. Id. Applying Keene, we "decline[d] [the defendant's] invitation to wade into the depths of evaluating the applicability" of the Act because, like here, the district court in McLellan said that it would have imposed the same sentence regardless of whether the mandatory minimum applied. Id. We reviewed the defendant's "sentence to ensure only that it was substantively reasonable." Id.

Here, as in McLellan, the district court clearly said that it would have imposed the same 120-month sentence regardless of whether the mandatory minimum applied. Under Keene, we assume that the district court erred in concluding that Rinkel's lewd and lascivious molestation conviction was a qualifying "prior conviction" under section 2252A(b)(2) and in applying the ten-year mandatory minimum. See Keene, 470 F.3d. at 1349 ("we must assume that there was . . . error . . . and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable").

Still, even without the mandatory minimum, Rinkel's 120-month prison sentence was substantively reasonable. Rinkel possessed hundreds of files of child pornography, including over one hundred files involving the rape and abuse of

6

infants or toddlers. Rinkel had already been convicted, and given a 153-month prison sentence, for sexually assaulting a young girl. And Rinkel fled after he was found at the park with the child pornography, requiring a nationwide manhunt to locate him. The district court also considered the fact that Rinkel purposefully avoided the sex offender registration requirement. Finally, Rinkel's sentence was well below the twenty-year statutory maximum. See United States v. Croteau, 819 F.3d 1293, 1310 (11th Cir. 2016) ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence."). Even without the mandatory minimum, Rinkel's sentence was certainly within "the range of reasonable sentences dictated by the facts of the case." See United States v. Overstreet, 713 F.3d 627, 636 (11th Cir. 2013) (citation and quotation marks omitted).

**AFFIRMED.**